**IT IS HEREBY ADJUDGED and DECREED this is SO ORDERED.**

**Dated: September 16, 2009**

_____
**SARAH S. CURLEY**
U.S. Bankruptcy Judge
_____

# TIFFANY & BOSCO
### P.A.
**2525 E. CAMELBACK ROAD**
**SUITE 300**
**PHOENIX, ARIZONA 85016**
**TELEPHONE: (602) 255-6000**
**FACSIMILE: (602) 255-0192**

Mark S. Bosco
State Bar No. 010167
Leonard J. McDonald
State Bar No. 014228
Attorneys for Movant

09-12432/400451510010018152

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE: | No. 2:05-bk-05195-SSC |
| Lisa D. Remily | Chapter 13 |
| Debtor. | (Related to Docket # 35) |
| Chase Auto Finance | **ORDER APPROVING STIPULATION REGARDING MOTION FOR RELIEF** |
| Movant, vs. | |
| Lisa D. Remily, Debtor; Russell A. Brown, Trustee. | 2004 Kia Sedona KNDUP131346 509123 |
| Respondents. | |

IT IS HEREBY ORDERED by and between the parties herein, through counsel undersigned, that all stays and injunctions, including the automatic stays under U.S. Bankruptcy Code Section 362(a), are hereby vacated with respect to 2004 Kia Sedona, VIN # KNDUP131346 509123 wherein Lisa D. Remily, is designated as trustor and Chase Auto Finance is the current beneficiary, which Motor Vehicle Retail Installment Sales Contract and Purchase Money Security Agreement, dated May 9, 2004:

2004 Kia Sedona KNDUP131346 509123

IT IS FURTHER ORDERED that the debtor will cure the post-petition default directly through the Trustee, in the amount of $1,000.00 within 6-months, commencing July 15, 2009 through December 15, 2009, and resume making her regular monthly plan payments directly to the Chapter 13 Trustee.

IT IS FURTHER, in the event of default in making any payments described herein Secured Creditor is permitted, in its discretion, to conduct upon giving written notice of such default to Debtor, Debtor's Counsel and Trustee and Debtor's failure to cure such default within fifteen (15) days of the date of such notice. In the event said default is not cured within said fifteen (15) day period, all arrearages, both pre-petition and post-petition shall become immediately due and payable in full and pre-petition arrearages shall not continue to be payable under the terms of the Plan.

IT IS FURTHER ORDERED that if a default notice becomes necessary, Debtor will be charged $150.00 for fees and costs associated with handling the curing of the default, to be paid together with the defaulted payment and late charge. Debtor shall tender the default payment, late charge and the additional $150.00 fee for attorney's fees and costs, as set forth above, in the form of a <u>cashier's check or money order</u>, made payable to Movant. If the defaulted payments are not received by Movant, together with the late charge and the $150.00 default fee, within fifteen days after the default notice was sent, all arrearages, both pre-petition and post-petition shall become immediately due and payable in full and pre-petition arrearages shall not continue to be payable under the terms of the plan.

IT IS FURTHER ORDERED that in the event of conversion by the Debtor to any other bankruptcy chapter, the repayment portion of this Order shall become null and void, except that the portion of this Order vacating the automatic stay under U.S. Bankruptcy Code Section 362 (a) shall remain in full force and effect.

…

IT IS FURTHER ORDERED that any hearings scheduled in the matter are vacated.

DATED this _____ day of _____ 2009.

_____
UNITED STATES BANKRUPTCY COURT